UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:23-cv-1041

| | |
|---|---|
| Craige Robinson,<br>　　Plaintiff,<br><br>v.<br><br>Mountaire Farms of North Carolina Corp.<br>　　Defendant. | **COMPLAINT**<br>Americans with Disabilities Act<br>42 U.S.C. 12101 et seq.<br>Title VII of the Civil Rights Act<br>42 U.S.C. 2000(e)<br>Jury Demanded |

**Plaintiff complaining of acts** of the defendant alleges and states:

1. This is a proceeding for declaratory and injunctive relief and monetary damages to redress the deprivation of rights secured to plaintiff by the Americans with Disabilities Act of 1990 (ADA), as amended by the ADA Amendments Act of 2008 (ADAAA) (42 U.S.C. §§ 12101-12213).

2. This is also a proceeding for declaratory and injunctive relief and monetary damages to redress the deprivation of rights secured to plaintiff by the Civil Rights Act 1964, as amended, 42 U.S.C. § 2000(e) et seq. (hereinafter Title VII), to correct unlawful employment practices on the basis of race, and to provide appropriate relief to plaintiff who was adversely affected by such practices.

**JURISDICTION AND VENUE**

3. The jurisdiction of this court is established by 28 U.S.C. 1331.

4. Venue is in this court because the defendant's principle place of business is located in Robeson County, North Carolina, and the actions complained of herein occurred in this district.

## THE PARTIES

5. Plaintiff is a citizen and a resident of Robeson County, North Carolina. Plaintiff was employed by the defendant at its Robeson County North Carolina facility.

6. The defendant employer, Mountaire Farms of North Carolina Corp. is a foreign corporation organized under the laws of the state of Delaware, and regularly employed fifteen or more full-time employees at the location where plaintiff was employed at all times relevant to this action.

7. The plaintiff was employed by the defendant within the meaning of Section 170(f) of Title VII, 42 U.S.C. §2000e-(f). At all relevant times the defendant was an employer within the meaning of Section 7701(b) of Title VII, 42 U.S.C. § 2000e(b).

8. At all relevant times, defendant has continuously been engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e (b), (g) and (h) and employs over 100 employees.

## CONDITIONS PRECEDENT

9. Plaintiff has fulfilled all conditions precedent to the initiation of this action. Plaintiff timely filed charges with the United States Equal Employment Opportunity Commission (EEOC) and received a Right to Sue Letter after March 5 2023. (Exh. A). Plaintiff is filing this action with 90 days of receipt of the Right to Sue letter.

## FACTS

10. The plaintiff Craige Robinson is a citizen and resident of Robeson County, North Carolina and was employed by the defendant Mountaire Farms of North Carolina in the Robeson County North Carolina location.

11. The defendant Mountaire Farms of North Carolina Corp., hereinafter Mountaire Farms, is a foreign corporation organized under the laws of the State of Delaware, with a principle place of business in Robeson County, North Carolina.

12. Plaintiff began working for the defendant in February 2016.

13. The plaintiff worked in the defendant's chicken processing plant in Robeson County North Carolina.

14. In June 2018 Plaintiff was promoted to the position of Rehang Supervisor. Plaintiff performed the duties of his position at a level that met and exceeded the employer's expectations and standards.

15. On August 29 2021, Plaintiff was injured by a stray bullet while at a cookout that was unrelated to the workplace.

16. As a result of the August 29 2021 incident, Plaintiff suffered an injury to his elbow and hip, and was unable to work in any capacity until October 20 2021.

17. On or about October 8 2021, plaintiff's physician wrote a medical note releasing him to return to work on October 20 2021 with restricted duties of "seated work only with no use of the left arm and no lifting/pushing/pulling greater than 5 lbs., with the right arm."

18. Plaintiff could perform the duties of his position as a Rehang Supervisor with the reasonable accommodation requested by the plaintiff and his physician in the October 8 2021 medical note.

19. When Plaintiff provided the note to the employer, it refused to accommodate the restrictions. Instead, Plaintiff was told that Plaintiff had to go out on personal leave and that Plaintiff needed to get complete medical clearance without restrictions before Plaintiff could return to work.

20. On November 3 2021 plaintiff's physician wrote another medical restrictions note, reiterating the same restrictions in the October 8 2021 note.

21. Plaintiff could perform the duties of his position as a Rehang Supervisor with the reasonable accommodation requested by the plaintiff and

his physician in the November 3 2021 medical note.

22. When Plaintiff met with the employer again it advised him that Plaintiff could not return to work with restrictions.

23. On November 23 2021, plaintiff's physician wrote a medical note that stated "no ladders; no use of the left arm and no lifting/pulling/pushing/carrying 25 pounds with the right arm. Sedentary work and no standing/walking greater than 1-4 hours per day and be able to sit, stand 15 minutes every hour."

24. Plaintiff could perform the duties of his position as a Rehang Supervisor with the reasonable accommodation requested by the plaintiff and his physician in the November 23 2021 medical note.

25. When Plaintiff met with the employer, it advised him that Plaintiff could not return to work with restrictions.

26. Plaintiff met with the employer on multiple occasions and requested reasonable accommodation to be allowed to return to his position as a Rehang Supervisor. The employer refused.

27. The employer repeatedly advised the plaintiff that he could only return to work with no restrictions.

28. When plaintiff was unable to return to work with no medically imposed work restrictions, the defendant terminated plaintiff's employment

5

because he was not able to return to work with no medically imposed work restrictions.

29. Because the plaintiff was unable to comply with the defendant's requirement that all work restrictions be removed by the medical provider, the defendant terminated his employment.

30. The employer terminated plaintiff's employment on November 30 2021.

## FIRST CAUSE OF ACTION
## AMERICANS WITH DISABILITIES ACT

31. Plaintiff incorporates paragraphs 1 through 30 as if fully set out herein.

32. The Americans with Disabilities Act of 1990 (ADA), as amended by the ADA Amendments Act of 2008 (ADAAA) is the primary federal law protecting the rights of individuals with a disability (42 U.S.C. §§ 12101-12213).

33. At all times relevant to this action, the plaintiff was a qualified individual with a disability, was entitled to reasonable accommodation under the American with Disabilities Act and was protected from being terminated because of his disability.

34. Plaintiff was terminated because of a disability, that substantially limits one or more major life functions. Plaintiff has 1) a physical or mental

impairment that substantially limits one or more major life activities (sometimes referred to in the regulations as an "actual disability"), or 2) a record of a physical or mental impairment that substantially limited a major life activity ("record of"); or 3) a disability because the defendant employer took an action prohibited by the ADA because of an actual or perceived impairment.

35. The plaintiff is a qualified person with a disability. Plaintiff is a person with a disability who can satisfactorily perform the duties of the job in question, with or without reasonable accommodation.

36. Defendant discriminated against the plaintiff because of his disability when defendant failed to provide plaintiff with reasonable accommodation.

37. Defendant discriminated against the plaintiff because of his disability when defendant terminated the plaintiff because of his disability.

38. The defendant's conduct was wanton and willful and in knowing and reckless violation of the plaintiff's right to be free from discrimination, based on his disability.

39. The defendant company's termination of the plaintiff violates the provisions of the Americans with Disability Act, in that the defendant discharged, or otherwise discriminated against the plaintiff who is a qualified person with a disability on the basis of a disabling condition with respect to

compensation or the terms, conditions, or privileges of employment.

40. The defendant's policy that an employee must be medically cleared from all restrictions before being allowed to return to work, is a per se violation of the Americans with Disabilities Act.

41. The defendant acted with malice and reckless indifference to the known federally protected rights of the plaintiff, thus entitling the plaintiff to punitive damages.

42. The defendant's alleged reason for termination is mere pretext.

43. As a result of the discriminatory acts of the defendant, plaintiff has suffered lost wages and benefits, financial difficulties and other monetary damage.

44. Because of the conduct of the defendant, plaintiff has suffered mental and emotional stress, anxiety and depression, as well as humiliation.

45. Further, by reason of the fact that the conduct of defendant as set forth hereinabove was purposeful, deliberate, intentional, and done with reckless disregard of the rights of plaintiff, plaintiff is entitled to recover punitive damages from the defendant in an amount proven at trial.

46. Plaintiff was injured by the defendant's illegal conduct, including, but not limited to the loss of wages and benefits, as well as causing plaintiff to suffer mental and emotional anguish, stress, anxiety, depression, financial

hardship, loss of enjoyment of life, and humiliation.

## SECOND CAUSE OF ACTION
## RACE DISCRIMINATION

47. Plaintiff repeats and realleges by reference each and every allegation contained in Paragraphs 1 through 46 of this complaint and incorporates the same herein as though fully set forth.

48. Plaintiff is a black male.

49. The plaintiff was not given the opportunity to work with medically imposed restrictions.

50. White employees, however, were allowed to work at the defendant employer with medical restrictions.

51. The plaintiff was qualified to perform the Rehang Supervisor duties.

52. The defendant denied the plaintiff reasonable accommodation under the same or similar circumstances when it has granted similarly situated white employees the opportunity to work with medically imposed restrictions.

53. The defendant denied the plaintiff the opportunity to perform the duties of his position with medical restrictions because of his race, black.

54. The defendant discriminated against the plaintiff because of his race.

55. Any and all reasons given by the defendant are mere pretext.

56. Title VII of the Civil Rights act declares that it shall be an unlawful employment practice for an employer to: (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

57. The defendant has violated the provisions of Title VII of the Civil Rights Act of 1964 as amended, 42 USC 2000e et seq, when it discharged plaintiff, and otherwise discriminated against plaintiff with respect to his compensation, terms, conditions, or privileges of employment, because of plaintiff's race and/or when defendant limited, segregated, or classified the plaintiff in a way which deprived or tended to deprive plaintiff of employment opportunities or otherwise adversely affect his status as an employee, because of plaintiff's race, black.

58. As a result of the discriminatory acts of the defendant, plaintiff has suffered lost wages and benefits, financial difficulties and other monetary

damage.

59. Because of the conduct of the defendant, plaintiff has suffered mental and emotional stress, anxiety and depression, as well as humiliation.

60. Further, by reason of the fact that the conduct of defendant as set forth hereinabove was purposeful, deliberate, intentional, and done with reckless disregard of the rights of plaintiff, plaintiff is entitled to recover punitive damages from the defendant in an amount proven at trial.

## JURY DEMAND

61. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Grant plaintiff's request for a jury trial;

2. Order the Defendant company to make Plaintiff whole by providing him with the appropriate back pay, with pre and post-judgment interest and damages for all employment benefits he would have received but for the discriminatory acts and practices of the Defendant company, together with front pay damages;

3. Order the defendant to make plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described herein, including but not limited to, mental and

emotional anguish, stress, anxiety and depression, suffering inconvenience, loss of enjoyment of life and humiliation, in amounts to be proved at trial.

4. Reinstate plaintiff's employment.

5. Order the defendant to pay compensatory and punitive damages in an amount as determined by a jury;

6. Grant that the costs of this action be taxed against the defendant;

7. Order the defendant to pay plaintiff's reasonable attorney's fees, and

8. Grant such further relief as the Court deems necessary and proper.

This the 1st day of June 2023.

Ralph Bryant Law Firm

/s/ Ralph T. Bryant, Jr.
Ralph T. Bryant, Jr.
(N.C. State Bar No. 18119)
*Physical Address*:
 313 Clifton St., Suite F Greenville, N.C. 27858
*Mailing Address*:
 P.O. Box 1387  Newport, North Carolina 28570
Phone:  (252) 626-3267
Fax:     (252) 294-1624
ralphbryant@ralphbryantlawfirm.com